UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-3 ABBAS AL OTHMAN,

Defendant.
______________________________/

Case No. 25-CR-20612
HON. MARK A. GOLDSMITH

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE ORDER OF DETENTION AND REINSTATE PRETRIAL RELEASE (Dkt. 149)**

Before the Court is Defendant Abbas Al Othman's motion to vacate order of detention and reinstate his pretrial release (Dkt. 149).[1] For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

A grand jury indicted Al Othman for conspiracy to transport a stolen vehicle or vehicles, in violation of 18 U.S.C. §§ 371 and 2312, and three counts of aiding and abetting the transportation of a stolen vehicle in violation of 18 U.S.C. §§ 2312 and 2. Indictment at PageID.4–12, 15–16 (Dkt. 1). After a detention hearing, Magistrate Judge Anthony P. Patti released Al Othman on September 9, 2025. See 9/9/25 Release Order (Dkt. 80). After learning that Al Othman possibly violated bond by continuing to cause the transportation of stolen vehicles, the Court granted the Government's request for an arrest warrant and referred the matter to a magistrate judge to hold a

[1] In addition to Al Othman's motion, the briefing includes the Government's response (Dkt. 153) and Al Othman's reply (Dkt. 167). The Court ordered the parties to submit proposed opinions and orders (Dkt. 169). The Government submitted a proposed order. The Court held a hearing on the motion on July 15, 2026.

post-arrest revocation hearing. See Mot. to Revoke Pretrial Release (Dkt. 119); 2/23/26 Order (Dkt. 128).

Magistrate Judge Patti held a revocation hearing on February 25, 2026, at which both parties proffered evidence in support of their respective positions. At the conclusion of the detention hearing, Magistrate Judge Patti found probable cause that Al Othman had committed a crime on bond. 2/26/26 Order at PageID.531 (Dkt. 136). He further found that Al Othman had not rebutted the presumption that he was not a danger to the community. Id.[2] He further concluded, by a preponderance of the evidence, that there is no combination of conditions that would assure that Al Othman would not flee or pose a danger to the safety of the community; he finally found that Al Othman was unlikely to abide by any combination of conditions of release. Id. at PageID.532. Al Othman's motion asks the Court to review that decision to revoke pretrial release on these bases. See Mot.

## II. ANALYSIS

The Bail Reform Act provides that, upon finding probable cause that a person violated a release order by committing a new crime, a court "shall" revoke release if it finds either that that no combination of conditions will assure that the person will not pose a danger to the community, or the person is unlikely to abide by any condition or combination of release. 18 U.S.C. § 3148(b). If the new crime is a felony, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." Id. Thus Al Othman's invocation of 18 U.S.C. § 3142 is incorrect.

The Court agrees with the Magistrate Judge that the Government has established probable cause that, while on bond, Al Othman committed a felony—aiding and abetting the transportation

[2] The hearing has not been transcribed but an audio recording is available. See Dkt. 134.

of a stolen vehicle, in violation of 18 U.S.C. §§ 2312 and 2; and aiding and abetting the receipt, possession, and concealment of a stolen vehicle, in violation of Mich. Comp. Laws §§ 750.535(7) and 767.39.

Al Othman objects to the Magistrate Judge's finding that the Government established probable cause that he aided and abetted the transportation of stolen vehicles while on bond. Mot. at PageID.640. He argues that he could not have aided and abetted because it would have required him to be "physical[ly] present" at four parking lots where the Government alleges the stolen vehicles were stored and his GPS monitor never showed that he was present in those areas while he was on bond. Id. at 643. Further, Al Othman suffers from "severe physical injuries and chronic pain" which precludes him from the "labor-intensive process" of loading vehicles in containers. Id. at PageID.641. The Magistrate Judge considered and disregarded similar arguments. There is no requirement that Al Othman be physically moving cars into shipping containers to find probable cause of aiding and abetting. See Rosemond v. United States, 572 U.S. 65, 73 (2014) ("In proscribing aiding and abetting, Congress used language that comprehends all assistance rendered by words, acts, encouragement, support, or presence—even if that aid relates to only one (or some) of a crime's phases or elements.") (punctuation modified).

Given the Court's probable cause finding that Al Othman committed a new felony, the presumption in favor of revocation of bond is triggered and Al Othman must "come forward with some evidence to rebut the presumption." United States v. Gentry, No. 98-1494, 1998 WL 476200, at *1 (6th Cir. Aug. 3, 1998) (punctuation modified). "Moreover, even if the defendant comes forward with evidence to rebut the presumption, the presumption does not disappear, but remains a factor for consideration in the ultimate release or detention determination." Id. (punctuation modified).

Al Othman's only argument rebutting the presumption is that his GPS should be reinstated and that it would provide "rigorous, continuous supervision." Mot. at PageID.641. Given the Court's probable-cause finding that Al Othman committed a felony while on pretrial release and while wearing a location-monitoring tether, simply suggesting the Court maintain the status quo does not rebut the presumption. "[A]llowing a Defendant to rebut the presumption with suggested conditions of release renders the presumption meaningless. The law requires the Court to presume that no conditions will reasonably assure appearance and the safety of the community." United States v. Chadwick, No. 2:23-20653, 2023 WL 8370406, at *3 (E.D. Mich. Dec. 4, 2023).

Al Othman executed a bond wherein he promised to comply with all conditions of release, including refraining from committing new offenses. 9/9/25 Release Order at PageID.149. Independent of the presumption, his actions while on release demonstrate the danger he presents to the community and the unlikelihood of future compliance with conditions.

At the hearing on the motion, Al Othman mentioned that a healthcare professional at the prison told him that he needed surgery to correct a hernia. The United States Marshals Service understands its obligations to arrange for appropriate medical care for its inmates. Al Othman's need for surgery is not a basis for bond.

## III. CONCLUSION

For the reasons stated above, Al Othman's motion to vacate order of detention is denied.

**SO ORDERED.**

Dated: August 5, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager